■ MELANIE ANSELMO, Appellant, v GEORGE P. ESERNIO et al., Defendants, and DONNALYNN DARLING, Respondent. [721 NYS2d 539] —In an action to recover damages for legal malpractice, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, J.), dated January 7, 2000, as, upon renewal, adhered to a prior determination in an order of the same court dated March 30, 1999, granting the motion of the defendant Donnalynn Darling for summary judgment dismissing the complaint insofar as asserted against her.

■ MELANIE ANSELMO, an Infant, by Her Mother and Natural Guardian, JOANNE ANSELMO, et al., Respondents, v GEORGE P. ESERNIO et al., Appellants, et al., Defendant. [721 NYS2d 540] —In an action to recover damages for legal malpractice, the defendants George P. Esernio and Shaw, Licitra, Esernio & Schwartz appeal from an order of the Supreme Court, Nassau County (Cozzens, J.), dated January 7, 2000, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

After the appellants made out a prima facie case for sum-

mary judgment, the plaintiff failed to produce evidence sufficient to create a triable issue of fact as to the existence of an attorney-client relationship (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Zuckerman v City of New York,* 49 NY2d 557). S. Miller, J. P., Friedmann, Krausman and Luciano, JJ., concur.